# SUPREME JUDICIAL COURT

#### FOR THE

## COUNTIES OF PLYMOUTH, BARNSTABLE, BRISTOL AND DUKES-COUNTY, OCTOBER TERM 1827, AT PLYMOUTH.

PRESENT:

Hon. ISAAC PARKER, Chief Justice,
Hon. SAMUEL PUTNAM, }
Hon. SAMUEL S. WILDE, } Justices.
Hon. MARCUS MORTON, }

---

DANIEL PERRY Junior *versus* JOHN OSBORNE *et al.*

The general owner of a vessel chartered, whether in writing or by parol, is not liable for supplies furnished while she is in the employment of the charterer.

ASSUMPSIT upon an account annexed to the writ, for supplies of provisions for the sloop Superb.

Plea, the general issue.

At the trial in the Court of C. P., before *Williams* J., it appeared, that the provisions were sold and delivered by the plaintiff, in August 1824, at New Bedford, to one Parker, then master of the sloop, for the use of the sloop, of which the defendants, who lived at Edgarton, were then the general owners ; that Parker had previously, by a parol contract made between him and the defendants, taken the sloop and agreed to victual and man her, free of expense to the owners, and to pay them one half of her earnings, and that she was, at the time of the sale and delivery of the provisions, in the

**423**

Perry
v.
Osborne.

*Oct. term*
*1826.*

*Oct. 24th,*
*1827*

possession and employment of Parker in pursuance of the contract. The judge directed a nonsuit; whereupon the plaintiff filed exceptions.

*Coffin*, in support of the exceptions, cited *Schemerhorn* v *Loines*, 7 Johns. R. 311.

*Williams* and *Warren*, contrà, cited *Hussey* v. *Allen*, 6 Mass. R. 163; *Reynolds* v. *Toppan*, 15 Mass. R. 370; *Frazer* v. *Marsh*, 13 East, 238; *Taggard* v. *Loring*, 16 Mass. R. 340.

*Per Curiam.* Generally supplies for a ship are furnished on the credit of the master and the owner; but where the ship is out of the employment of the owner, the charterer, whether under a parol or a written contract, is held, and not the owner.[1] And this is reasonable, for the person furnishing the supplies may easily ascertain who is the owner for the time being, to whom the supplies are made.

*Judgment affirmed*

---

[1] See Abbott on Ship. (4th Amer. ed.) 19 to 22, n. 1, and cases there col lected; *Cutler* v. *Winsor*, 6 Pick. 335; *Thompson* v. *Hamilton*, 12 Pick. 428 *Tucker* v. *Buffington*, 15 Mass. R. (Rand's ed.) 481, n. (*a*); 3 Kent's Comm (3d ed.) 136 to 139.

The charterer of a vessel is held to be the owner in respect to responsibili. ty for embezzlements by the crew, in case he navigates the vessel at his own expense. Revised Stat. *c.* 32, § 3.